DAVID A. HUBBERT
Deputy Assistant Attorney General

ISAAC M. HOENIG
Trial Attorney, Tax Division
U. S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:     (202) 307-5963
Fax:              (202) 307-0054
E-mail: Isaac.M.Hoenig@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>v.<br><br>Leon W. Lipson, in his capacity as Personal Representative of the Estate of Jean Lipson; Leon W. Lipson, in his capacity as a Trustee of the Jean Lipson Trust; Nadine Lipson, in her capacity as a Trustee of the Jean Lipson Trust; Nadine Lipson, in her capacity as Personal Representative of the Estate of David E. Lipson; Nadine Lipson, individually,<br><br>       Defendants. | Case No. 2:23-cv-00127-JCM-DJA<br><br>**UNITED STATES' STIPULATED DISCOVERY PLAN**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

     Pursuant to Federal Rule of Civil Procedure 26(f) and LR 26-1, the parties conducted a discovery conference on May 8, 2023. The United States now submits the following stipulated Discovery Plan and Scheduling Order. The Defendants waived service of process on February 27, 2023.

1

**I. Background of the Case**

This case concerns the significant unpaid estate tax liability of the Estate of Jean Lipson (the "Estate"). Although the Estate agreed to the assessment of the tax liability and an associated accuracy related penalty to resolve tax court litigation in 2013, the assessment has gone unpaid and has accrued significant interest and statutory accruals. The United States thus initiated this civil action on January 24, 2023, to reduce to judgment the unpaid federal estate tax assessment against the Estate of Jean Lipson and to obtain declaratory relief against the representatives of the Jean Lipson Trust ordering the payment of the estate tax liability pursuant to the express terms of the trust agreement. (Dkt. 1). The United States also alleges that the personal representative of the estate, David Lipson, allowed the Estate's assets to be distributed to the Estate's beneficiaries before paying or leaving aside sufficient funds to satisfy the estate tax liability. David Lipson has since passed away, so the United States is seeking a money judgment for the unpaid estate tax liability pursuant to 31 U.S.C. § 3713(b) and Nevada state law against Nadine Lipson as the representative of the Estate of David Lipson and in her individual capacity.

The Defendants filed an Answer on April 10, 2023. It is Defendants' position that Plaintiff disregarded the proper party for the estate tax question placed at issue in the Complaint.  Further, it is Defendants' position that they are not responsible, individually or otherwise, for payment of the estate tax at issue.  Further, it is Defendants' position that Plaintiff cannot satisfy the requirements of 31 U.S.C. § 3713(b) in Plaintiff's effort to hold someone other than the Jean Lipson Irrevocable Trust estate liable for the tax in question.  Finally, it is Defendants' position that the applicable statute of limitations bars Plaintiff's claims.

**II. Initial Disclosures**

The parties shall provide initial disclosures in accordance with Fed. R. Civ. P. 26(a) by June 16, 2023.

//

2

**III. Discovery**

A significant issue in this case concerns the nature of the Estate's transfers to the Jean Lipson Trust and alleged investment in a family partnership called ABRA LP. The United States anticipates taking discovery on the nature of the Trust's investment into ABRA LP. Depending on the information the United States learns through informal or written discovery, the United States may issue document and deposition subpoenas to between one and five third-party witnesses with direct knowledge of the Estate and Trust's investment in ABRA LP.

The defendants anticipate issuing written discovery to the United States, possibly including interrogatories, requests for admission, and requests for production.

The parties submit the following dates:

| EVENT | DATE |
|---|---|
| Discovery Cut-off | **March 30, 2024** |
| Fed. R. Civ. P. 26(a) Initial Disclosures | **June 16, 2023**. The parties certify that they have conferred and agreed to exchange to initial disclosures by this date. |
| Date for Amended Pleadings | **January 2, 2024** |
| Fed. R. Civ. P. 26(a)(3) Disclosures (Experts) | **Expert Disclosures: January 31, 2024** |
| | **Rebuttal Experts: March 8, 2024** |
| Dispositive Motion Deadline | **April 30, 2024** |
| Pretrial Order Deadline | **May 31, 2024** (unless the parties file dispositive motions, in which case the pretrial order will be due 30 days after the Court issues a decision on the motions) |
| Fed. R. Civ. P. 26(a)(3) Disclosures | The parties will make these with the pretrial order. |
| Alternate Dispute Resolution | The parties certify that they have met and have conferred about the ADR options. The parties will file a statement requesting an Early Neutral Evaluation Conference if necessary. |
| Consent to Magistrate Judge | The parties certify that they have discussed consent to trial by magistrate and use of the short trial program. They do not consent to either at this time. |

3

| Electronic Evidence for Jury Trial | There has been no demand for a jury trial. |

Good cause exists for the Court to enter a scheduling order with longer deadlines than those specified in LR 26-1(b). First, should the United States require an expert witness to opine on the fund transfers at issue in this case, the United States may also require additional time given the Department of Justice internal requirements for hiring experts and approving expert witness contracts. Second, additional time for discovery may be necessary because a key witness in this case (David Lipson) is deceased and the parties anticipate that additional time may be required to retrieve any relevant documents previously within his possession.

### IV. Preservation of documents including electronically stored information

*Documents in possession of the United States*: The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant electronically stored information (ESI) will be reasonable and proportionate. Counsel for the United States has informed counsel for Defendants that, the material and relevant documents have been provided by the IRS to the Department of Justice, and the Department of Justice will produce all non-privileged documents in its possession related to this case to Defendants with its initial disclosures.

*Preservation of information*: The parties agree that non-privileged ESI and other materials related to this case shall be preserved on an ongoing basis and that:

- Only ESI created or received between March 17, 2007, to January 24, 2023, will be preserved.
- The parties agree that the following categories of ESI need not be preserved:
  - Deleted, slack, fragmented, or other data only accessible by forensics.
  - Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

4

- On-line access data such as temporary internet files, history, cache, cookies.
- Data in metadata fields that are frequently updated automatically, such as last-opened dates
- Back-up data that are substantially duplicative of data that are more accessible elsewhere.
- Server, system or network logs.
- Data remaining from systems no longer in use that is unintelligible on the systems in use.
- Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).
- The Parties agree that data from the following sources could contain relevant information but under the proportionality factors should not be preserved: digital voicemail, instant messaging/digital chats, text messaging, automatically saved versions of documents.

*Email information*: Should email discovery prove necessary the Parties agree that in responding to a Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about the methods to search email ESI. The parties agree that they will produce emails in native format or will confer prior to producing emails in a different file format.

**V. Claims of Privilege or Other Protection**

The parties agree that if a party inadvertently produces what appears to be privileged information, the party receiving the information will (1) refrain from examining the materials any more than is essential to ascertain whether the materials are privileged; (2) notify the sender

5

that it possesses materials that appear to be privileged, (3) proceed to resolve the situation by agreement or if necessary, resort to the court for guidance.

**VI. Other**

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties consent to service of all documents by email except for court filings where a party is registered to receive service through the ECF system. Service by email shall be deemed effective after the email is sent unless the serving party receives an email bounce back or other message indicating that the email was not properly delivered. Service of court filings where a party is registered with the ECF system shall be made through the ECF system only.

Dated: May 25, 2023.

        Respectfully submitted,

        DAVID A. HUBBERT
        Deputy Assistant Attorney General

        /s/ Isaac M. Hoenig
        ISAAC M. HOENIG
        Trial Attorney, Tax Division
        P.O. Box 683, Ben Franklin Station
        Washington, D.C. 20044
        Telephone:     (202) 307-5963
        E-mail: Isaac.M.Hoenig@usdoj.gov
        *Attorney for the United States of America*

        /s/ Gregory Miles (with permission)
        Gregory A. Miles, Esq
        Nevada Bar No. 4336
        Royal and Miles LLP
        1522 W Warm Springs Road
        Henderson, NV 89014
        Telephone: 702-471-6777
        gmiles@royalmileslaw.com
        *Attorney for Defendants*

IT IS SO ORDERED

Date: May 30, 2023

        UNITED STATES MAGISTRATE JUDGE

## **CERTIFICATE OF SERVICE**

I certify that on May 25, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice to all parties who have appeared in this case and are authorized to receive electronic notice of filings.

/s/ Isaac Hoenig
ISAAC M. HOENIG
Trial Attorney, Tax Division
U.S. Department of Justice