UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>LEON W. LIPSON, et al.,<br><br>Defendant(s). | Case No.2:23-CV-127  JCM (DJA)<br><br>ORDER |

Presently before the court are cross motions for summary judgment.  (ECF Nos. 20, 41, 44).  Both motions are fully briefed.  (ECF Nos. 27, 32,   For the reasons stated below, the court GRANTS, the United States' motion for summary judgment and DENIES the defendants' motion for summary judgment.

**I.     Background**

This is an action to recover outstanding taxes from the estate of Jean Lipson.  Jean died on March 17, 2007.  (ECF No. 1).  Her will created a pour-over trust and provided that all assets of her estate would be given to the trust after payment of debts and estate taxes.  (*Id*. ¶ 11-14).  Jean's trust split her assets evenly between her two sons, David and Leon.  (*Id*. ¶ 15).  David Lipson became the personal representative of the estate and trustee of the trust in August 2007.  (*Id*. ¶ 21).

Jean's estate was initially valued at $2,974,216.96.  (*Id*. ¶ 20).  In August 2007, the Nevada limited partnership ABRA LP was formed.  (*Id*. ¶ 22).  David caused the estate to transfer approximately $2,161,849 to ABRA.  (*Id*. at ¶ 24).  David then filed an estate tax return on December 17, 2007, explaining ABRA was formed to protect the estate's assets from creditors.  (*Id*. ¶ 27).  The tax return reported the gross value of Jean's estate at $2,446,189 and reported total tax due of $0.  (*Id*. ¶ 28).

The IRS audited the estate tax return and issued a notice of deficiency and penalty under 26 U.S.C. § 6662. (*Id.* ¶ 29). Defendants challenged the IRS notice in United States Tax Court. (*Id.*). The court revalued Jean's estate at $3,694,637, found an estate tax deficiency of $566,041, and imposed liability for a penalty of $75,350. (*Id.* ¶ 30). The estate, under David's control, requested an extension of time to pay the deficiency. (*Id.* ¶ 32). The IRS approved an extension until October 21, 2014. (*Id.*). The parties agree the taxes remain unpaid today. (*Id.* ¶ 33).

David Lipson died in 2019. (*Id.* ¶ 35). His brother Leon became the new personal representative of Jean's estate and trustee of Jean's trust. (*Id.*). David's wife, Nadine Lipson, was appointed personal representative of David's estate. (*Id.* ¶ 35). The United States alleges that during his tenure as personal representative of Jean's estate, David knowingly reduced the estate's assets before paying the estate tax obligation.

The United States now seeks to recover its outstanding tax obligations from the estate through Leon Lipson as the personal representative of the estate and trustee. The United States also asks the court to impose liability against David's wife, Nadine Lipson, both individually under community property law and as personal representative of David's estate. Defendants also move for summary judgment on all claims.

**II.   Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986).

If the moving party satisfies his initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

**III.  Discussion**

    A.  Defendants' Motions for Summary Judgment

As a preliminary matter, defendants filed two motions for summary judgment. (ECF Nos. 20, 41). This court mandates that motions for summary judgment and responses to motions for summary judgment are limited to 30 pages, and parties must not circumvent this rule by filing multiple motions. LR 7-3. Notwithstanding this rule, the court will address the statute of limitations argument in defendants' first motion for summary judgment before addressing the merits of each claim.

    *1.  Timeliness of Claims*

Defendants move for summary judgment on all claims, arguing the United States is time-barred from collecting on its tax claim. Defendants argue a six-year statute of limitations applies to claims brought under 31 U.S.C. § 3713(b) because no limitation period is described in the statute. 28 U.S.C. § 2415(a). But the government properly acknowledges that the omission of a statutory limitations period does not apply to actions brought under the Internal Revenue Code or incidental to the collection of taxes.

Indeed, 26 U.S.C. § 6901 permits the United States to collect tax liabilities related to transferred assets from transferees and fiduciaries. And the statute exclusively permits actions

1  brought under 31 U.S.C. § 3713(b).  *See Estate of Lee v. Commissioner of Internal Revenue*, T.C.
2  Memo. 2021-92 (2021) *aff'd*, No. 21-2921, 2022 WL 3594523 (3d Cir. Aug. 23, 2022) (applying
3  the ten-year 6502(a)(1) statute of limitations to Estate fiduciary claims under § 3713).

4      The court finds a ten-year statute of limitations is applicable to this action and conforms
5  with caselaw supporting the government's interest in collecting tax claims.  Here, the estate tax
6  was assessed on October 21, 2013.  (ECF No. 27, Ex. B Form 4340).  The complaint was filed
7  January 24, 2023, before the expiration of the limitations period.  Accordingly, the government's
8  claims are timely.

9      B.  United States' Motion for Summary Judgment
10     *1. Liability against the Jean Lipson Estate (Claim 1)*

11     The first issue is whether the United States can recover against the estate of Jean Lipson.
12 The government argues that the issue of liability has already been settled in United States Tax
13 Court, and defendants are precluded from relitigating the issue.  Defendants do not dispute that the
14 estate tax remains unpaid.  (ECF No. 51 at 4).

15     The United States bears the initial burden of proof in an action to collect federal taxes.
16 *Palmer v. Internal Revenue Service*, 116 F.3d 1309, 1312 (9th Cir. 1997).  The burden then shifts
17 to the taxpayer to prove the assessment is erroneous.  *United States v. Stonehill*, 702 F.2d 1288,
18 124 (9th Cir. 1983).

19     Here, the United States introduced an IRS Form 4340 describing the assessments for the
20 federal estate taxes owed.  A Form 4340 is presumptive proof that the taxes were properly assessed,
21 and the subject taxpayers are liable.  Thus, the court finds the United States has satisfied its burden
22 of proof.

23     Defendants cannot earnestly dispute the estate's liability.  The estate challenged its liability
24 before the tax court.  *See* ECF No. 44, Ex. T, Ex. W.  The tax court's finding on the estate's liability
25 constitutes a final judgment on the merits.  *See Id*., Ex. CC, *Estate of Jean Lipson v. CIR*, Tax
26 Court Case No. 5548-11, "Stipulation of Settled Issues").  Once a taxpayer's liability for a
27 particular year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding
28 involving the same claim and the same tax year.  *Baker v. Internal Revenue Service*, 74 F.3d 906,

910 (9th Cir. 1996).

The court therefore finds no genuine dispute exists regarding the estate's liability to pay the taxes owed and grants summary judgment to the United States on its first claim.

### 2. *Liability against the Jean Lipson Trust, and Leon Lipson as the sole Trustee (Claim 2)*

The next issue is whether the trustee of the Jean Lipson Trust is liable to pay the Jean Lipson estate the funds necessary to satisfy the estate's federal tax liabilities.

Jean Lipson created a pour-over trust in her will. Defendant Leon Lipson is the sole trustee of the Jean Lipson Trust. The trust language dictates that trustees are required to pay the estate the sums necessary to satisfy unpaid estate tax liabilities. *See* ECF No. 44-J, § 1.3 (Restatement to the Declaration of Trust of Jean Lipson).

When the terms of a will or trust are unambiguous, the settlor's intent is discerned solely from the plain meaning of the language. *Jervis v. Tucker*, 82 So. 3d 126 (Fla. Dist. Ct. App. 2012). Here, the court is bound by the unambiguous terms in Jean Lipson's trust. The Trust is required by its terms to pay the estate obligations. A trustee is under a fiduciary duty to administer the trust in good faith. Fla. Stat. § 736.0801. Leon, as the sole Trustee, is therefore obligated to transfer sufficient assets to the estate to satisfy its tax liabilities.

Defendants do not present any argument persuading the court why Leon Lipson would not be bound by the terms contained of the trust as the personal representative. Thus, the court finds the United States is entitled to summary judgment on its second claim for declaratory judgment.

### 3. *Liability against Nadine Lipson as the Personal Representative of David's Estate under 31 U.S.C. § 3713(b) (Claim 3)*

The parties next debate whether the United States can succeed on a fiduciary claim against David's estate. Under the Federal Priority Statute, a representative of a decedent's estate paying a debt of the estate before paying a claim of the United States is liable to the extent of the payment for unpaid claims of the United States. 31 U.S.C. § 3713(b).

Courts in this district require three evidentiary elements to hold a representative liable to pay a federal tax obligation: (1) the personal representative transferred assets of the estate before

paying a claim of the United States, (2) the transfer was made when the estate was insolvent, (3) the transfer occurred after the personal representative had reasonable notice of the claim. *United States v. Allison*, 587 F. Supp. 3d 1015, 1033–34 (E.D. Cal. 2022).

The United States argues there is sufficient evidence that David transferred the estate's assets to ABRA and then represented to the IRS that the estate had no liquid assets. Defendants argue David "invested" the money in ABRA, which does not qualify as a transfer under § 3713(b). The Federal Priority Statute is interpreted liberally to protect the government's interest in collecting on tax claims. *United States v. Moore*, 423 U.S. 77, 81-82 (1975); *United States v. Cole*, 733 F. 2d 651, 654 (9th Cir. 1984). Accordingly, the court finds that David's allocation of monetary assets from the estate to ABRA constitutes a transfer.

Next, the United States alleges David's transfer rendered the estate insolvent. Defendants contend there is no evidence to show the estate was insolvent, but the record establishes otherwise. The United States provides a ledger report for 2007 showing the pattern of transfers in the trust account, and a document declaring the estate only consisted of minimal personal property in 2007. (ECF No. 44, Ex. Z, Ex. U at 3, 15).

Indeed, the estate's insolvency was confirmed when David requested an extension from the IRS to pay the tax liability. *See* ECF No. 44, Ex. W at 4. David acknowledged the estate "is without liquid assets to pay the amount owed." *Id*. There is no legitimate dispute over whether David transferred the assets to ABRA, LP; the record establishes evidence to support the estate's insolvency.

As to the final element, defendants challenge that David had no reasonable knowledge of the estate's tax obligations before transferring the assets. Here, the court has no way of determining David's actual knowledge at the time of transferring the assets. To resolve this issue, the court inquires whether the personal representative has notice of facts that would lead a reasonably prudent person to inquire as to the tax claim's existence. *Allison*, 587 F.Supp.3d at 1033–34.

Estate tax accrues on the date of the decedent's death because that is when a decedent's assets are transferred to his or her estate. 26 U.S.C. § 2001(a). The United States argues that

1  David's background as a CPA and tax attorney means he would have known, or known to inquire,
2  that Jean's estate would incur some tax liability. The court agrees.

3  The record illustrates David was knowledgeable in his management of Jean's estate. He
4  created ABRA, LP with the stated purpose to "provide a defense and bulwark to any further
5  ravaging of [Jean's] estate." ECF No. 44, Ex. E at ¶15. The only tax report David filed was in
6  December 2007 after he had transferred substantial assets. He then reported a tax obligation of
7  $0. This element can be satisfied if the representative had enough information to reasonably
8  suspect the existence of a tax claim. *U.S. v. Bartlett*, 186 F.Supp.2d 875 (2002). A reasonable
9  person in David's position would know the estate would owe some tax. Accordingly, the court
10 finds the United States has satisfied its burden for its third claim.

11 Defendants argue in their motion that this claim wrongly seeks to impose liability on
12 David's spouse Nadine, ECF No. 41, but that assertion is misguided. The government's third
13 claim is premised solely on David's conduct. The court finds David is liable under 31 U.S.C. §
14 3713(b) for wrongfully transferring estate assets. David's liability extends to his estate. Liability
15 against Nadine is therefore proper because she is the personal representative of David's estate.

16  *4. Liability against Nadine Lipson, individually (Claim 4)*

17  The United States' final claim alleges Nadine Lipson is individually liable for David's
18  wrongdoing under Nevada community property law.

19  Nevada law presumes that property acquired during a marriage is community property and
20  is only be rebutted by clear and convincing evidence. NRS 123.250; *Western States Const., Inc.*
21  *v. Michoff*, 108 Nev. 931 (1992). Similarly, the law treats one spouse's debt as community debt,
22  including tax liabilities. *In re Ross*, 173 B.R. 937, (E.D. Wash. 1994).

23  Defendants argue that the government cannot impose individual liability on Nadine
24  because she was unaware of any wrongdoing by David, but this argument fails. Knowledge is not
25  a prerequisite to liability under community property law. A judgment against an at-fault spouse
26  suffices to allow creditors to use community property to satisfy the judgment. *U.S. v. Floersch*,
27  276 F.2d 714 (1960).

28

The parties agree that David and Nadine were married from 1995 until David's passing in 2019. Thus, the contested conduct indisputably occurred during David and Nadine's marriage, and David's liabilities incurred during the marriage would be community property. Here, the court found David is liable for his conduct pursuant to 31 U.S.C. § 3713(b). Defendants cannot dispute Nadine is individually liable as David's spouse.

Defendants cite the decision in *Jewett v. Patt* to support their position, but that case comes to the same conclusion as the court does here. *Jewett v. Patt*, 95 Nev. 246, 591 P.2d 1151, 1152 (Nev. 1979) (community property may be used to satisfy a judgment if it is obtained against an at-fault spouse). The court finds the United States is therefore entitled to collect the outstanding tax liability against Nadine individually, only to the extent of the half interest in David and Nadine's marital community.

### C. Clarification of Issues

The defendants also move for summary judgment on the issue of personal liability for Leon and Nadine. However, the court finds the government does not allege personal liability against either party under 31 U.S.C. § 3713(b). The United States has causes of action against both individuals under fiduciary theories of liability, and against Nadine individually as David's spouse under community property law. Neither cause of action imposes direct liability on either Leon or Nadine under 31 U.S.C. § 3713(b). The court clarifies that the United States is awarded judgment on the following:

- Leon Lipson, in his capacity as personal representative of the Jean Lipson Estate, for the Jean Lipson Estate's outstanding tax obligations.
- Leon Lipson, in his capacity as Trustee of the Jean Lipson Trust, to pay the funds necessary to satisfy the outstanding tax obligations.
- Nadine Lipson, in her capacity as personal representative of the David Lipson Estate, pursuant to his liability under 31 U.S.C. § 3713(b).
- Nadine Lipson, individually, as David Lipson's spouse, pursuant to his liability under 31 U.S.C. § 3713(b).

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the United States' motion for summary judgment (ECF No. 44) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motions for summary judgment (ECF Nos. 20, 41) be, and the same hereby are, DENIED.

DATED March 28, 2025.

                                                     _____
                                                     UNITED STATES DISTRICT JUDGE